**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 19 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KRISTEL ANDREWS,

          Plaintiff-Appellant,

v.

MARTIN J. O'MALLEY, Commissioner of
Social Security,

          Defendant-Appellee.

No.   23-35530

D.C. No. 4:22-cv-05128-TOR

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted September 11, 2024
Seattle, Washington

Before:  W. FLETCHER and SUNG, Circuit Judges, and RAKOFF,[**] District
Judge.

Kristel Andrews appeals the judgment affirming the denial by an

Administrative Law Judge ("ALJ") of Social Security disability insurance benefits

under Title II of the Social Security Act, 42 U.S.C. § 423. We review the district

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

court's decision de novo. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). We will disturb an ALJ's denial of benefits "only if the decision 'contains legal error or is not supported by substantial evidence.'" *Id.* (quoting *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007)). When determining whether an error is harmful, we must decide "whether the ALJ's decision remains legally valid, despite such error." *Carmickle v. Comm'r, Soc. Sec'y Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008). Because here the ALJ committed an error that calls into question her decision to deny benefits, we vacate and remand.

Both Andrews and the Commissioner agree that the ALJ erred by misattributing the opinion of Angela Combs, an Advanced Registered Nurse Practitioner ("ARNP"), to ARNP Carole Siefken. Siefken had concluded that while Andrews had no limitations in a number of "basic work activities," Andrews had "[m]oderate" limitations in her ability to "[u]nderstand, remember, and persist in tasks by following detailed instructions," "[l]earn new tasks," and "[a]dapt to changes in a routine work setting," as well as "[m]arked" limitations in her ability to "[c]omplete a normal work day and work week without interruptions from psychologically based symptoms." However, Combs, in her evaluation, identified more serious limitations in Andrews's capacity to sustain basic work-related activities, including that she was "[s]everely [l]imited" in "[t]he ability to complete a normal work-day and workweek without interruptions from psychologically

based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods," "[t]he ability to accept instructions and respond appropriately to criticism from supervisors," "[t]he ability to get along with co-workers or peers without distracting them or exhibiting behavioral extremes," and "[t]he ability to travel in unfamiliar places or use public transportation." Put another way, Combs's opinion substantially supported Andrews's position much more than did Siefken's opinion.

But the ALJ wrongly believed that both opinions had come from Siefken. As a result, in support of her conclusion that the opinions were not persuasive, the ALJ asserted that "[Siefken's] opinions were drastically inconsistent with each other," a flatly erroneous finding. The Commissioner concedes the ALJ's error but insists that the ALJ's supportability and consistency findings "cure any error." We cannot agree. The ALJ appears to have been strongly influenced by the differences between Siefken's and Combs's opinions, characterizing the purported inconsistency as "drastic." Moreover, Combs's opinion, which the ALJ discounted because of her confusion, was critical to Andrews's claim because it suggested that she faced much more significant obstacles in completing basic work activities. We therefore cannot conclude that the ALJ's ultimate determinations were not materially affected by the error.

**VACATED AND REMANDED.**

3